UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM BONDARUK,<br><br>　　　　　　Defendant. | No. 2:15-cv-1603 MCE GGH PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint must contain more than a "formulaic recitation of the elements of a cause of

7    action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

13          Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550

14   U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual

15   content that allows the court to draw the reasonable inference that the defendant is liable for the

16   misconduct alleged."  Id.

17          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

18   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

19   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22          The complaint is difficult to decipher, and the allegations are vague, rambling and

23   generally unintelligible.  Nevertheless, plaintiff alleges that defendant, who apparently is a priest

24   at the Slavic Missionary Church, is also a leader of a Russian gang, and has harassed,

25   psychologically abused, and committed unspecified crimes against plaintiff.  In particular, the

26   complaint alleges that "petitioner commit[t]ed crime conspiracy under 18 U.S.C.A. § 241, 18

27   United States Code § 271 in order to cover crimes members his gang under the roof Slavic

28   Missionary Church commit professional psychological pressing and permanent damage,

1  psychological abuse and permanent stress to blind senior petitioner and her care provider." ECF
2  No. 1 at 2.  Plaintiff also appears to claim that although her care provider called 911 to report the
3  crime, the Sacramento County Sheriff refused to resolve the situation.  Id. at 4.  The complaint
4  seeks fifty million dollars in damages.

5  The complaint does not allege a basis for subject matter jurisdiction.  A federal court is a
6  court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution
7  and by Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673,
8  1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is
9  vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time
10 ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as
11 limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S.
12 Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either
13 party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593,
14 594-95 (9th Cir. 1996).

15 The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
16 question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
17 matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
18 Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
19 assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
20 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
21 to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
22 Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

23 Claims of psychological abuse, stress and harassment, such as those stated here, do not
24 create federal subject matter jurisdiction.

25 The complaint contains no jurisdictional allegation other than the codes in Title 18 as
26 referenced above.  Plaintiff appears to assert claims against defendant based on these federal
27 criminal statutes.  Plaintiff has no standing to pursue alleged violations of criminal law because
28 criminal statutes do not provide a private right of action.  See, e.g., Ellis v. City of San Diego, 176

3

1  F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the
2  California Penal Code because the statutes do not create enforceable individual rights).  Criminal
3  statutes do no give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th
4  Cir. 2006).  Similarly, when a criminal statute is violated, the question of whether to prosecute
5  and what criminal charges to file are decisions that generally rest in the discretion of the
6  prosecutor, not the court.  United States v. Batchelder, 442 U.S. 114, 124 (1979).  Accordingly,
7  insofar as plaintiff alleges criminal conduct by defendant or his gang, she cannot sue to prosecute
8  these criminal acts, or compel the state or federal government to investigate or prosecute these
9  alleged crimes.
10      Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not
11  appear that the above-mentioned defects can be cured by more detailed factual allegations or
12  revision of plaintiff's claims.  This court simply has no jurisdiction for civil prosecution of
13  asserted criminal violations by private citizens under the facts of this case.  Accordingly, leave to
14  amend would be futile and the action should be dismissed with prejudice.
15      In accordance with the above, IT IS HEREBY ORDERED that:
16      1. Plaintiff's request for leave to proceed in forma pauperis is granted.
17      IT IS ALSO HEREBY RECOMMENDED that:
18      1. The action be dismissed with prejudice, and
19      2. The case be closed.
20      These findings and recommendations are submitted to the United States District Judge
21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
22  days after being served with these findings and recommendations, plaintiff may file written
23  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
25  ////
26  ////
27  ////
28  ////

4

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2015

<u>/s/ Gregory G. Hollows</u>

UNITED STATES MAGISTRATE JUDGE

GGH:076/Iegorova1602.ifp.fr